CLD-142                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4235
_____

In re:   STEVEN A. JOHNSON,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the United States
District Court for the Middle District of Pennsylvania
(Related to Civ. No. 1-16-cv-00162)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 23, 2017
Before:  SHWARTZ, GREENBERG, and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 28, 2017)
_____

OPINION*
_____

PER CURIAM

        Steven A. Johnson seeks a writ of mandamus forcing the District Court to rule on

his federal habeas corpus petition.  We will deny his request.

        On January 29, 2016, Johnson filed a 28 U.S.C. § 2241 petition in the District

Court.  Early the next month, the District Court dismissed his petition.  Thereafter,

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Johnson moved for an injunction, to amend his original habeas petition, and for reconsideration. The District Court promptly denied the motion to amend and the requested injunction and, on March 8, 2016, vacated its dismissal order and ordered the Government to respond to Johnson's habeas petition. The Government filed its response on March 24, 2016, and Johnson filed a traverse in early April. To date, the District Court has not ruled on Johnson's habeas petition, and he now seeks an order requiring the District Court to do so.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," and that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, but "[i]t is not for us to micro-manage the district court's docket," Lacey v. Cessna Aircraft Co., 932 F.2d 170, 178 (3d Cir. 1991). We will not issue the writ here, where there has been no delay that indicates the District Court has failed to exercise jurisdiction over Johnson's case. Johnson filed his traverse in April 2016, and the ten-month delay about which he is

2

concerned is not extraordinary. See Hassine v. Zimmerman, 160 F.3d 941, 954 n.12 (3d Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief). We recognize that, standing alone, such a delay may start to raise some concern, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds, 3d Cir. L.A.R. 24.1(c) (1997) (holding that district court delay for approximately seven months was "of concern"). However, the District Court has already exercised its jurisdiction to dismiss—and then to reopen and order briefing on—Johnson's habeas petition. The District Court has also ruled on Johnson's other requests for relief. Under these circumstances, we do not think that the District Court's delay in ruling on Johnson's habeas petition can be said to suggest a failure to exercise jurisdiction. See id.; Hassine v. Zimmerman, 160 F.3d 941, 954 n.12 (3d Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief). We are confident that the District Court will adjudicate Johnson's request for habeas relief in a timely fashion.

For these reasons, we will deny Johnson's mandamus petition, but without prejudice to his filing another if the District Court does not rule on his § 2241 petition in a timely fashion.